UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FRED JOHNSON, #133017                                    CIVIL ACTION

VERSUS                                                   NO. 05-1482

BURL CAIN, WARDEN                                        SECTION C
LOUISIANA STATE PENITENTIARY

### ORDER AND REASONS

Before this Court is a petition for habeas corpus relief by Mr. Fred Johnson ("Petitioner"), pursuant to 28 U.S.C. § 2254. As grounds for relief, Petitioner claims that his rights were violated when (1) he was deprived of his right to represent himself; (2) he was forced to wear prison garb at trial and got into an altercation with officers in front of the jury; (3) his trial counsel was ineffective for failing to meet with him prior to trial, and failing to move for a mistrial when the jury observed his altercation with officers.

Upon a thorough review of the record, the memoranda, and the applicable law, the Court has determined that Petitioner's habeas corpus petition is without merit. For the reasons set forth below, this petition is DENIED.

**I. Background**

Petitioner, Mr. Fred Johnson, is a state prisoner at the Louisiana State Penitentiary in Angola, Louisiana..[1] A jury convicted Mr. Johnson of two counts of armed robbery,[2] and he was ultimately sentenced to 99 years at hard labor for both counts, to be served consecutively.[3]

**II. Timeliness and Exhaustion**

Generally, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a Petitioner bring his Section 2254 claims within one year of the date on which his conviction or sentence became final, 28 U.S.C. § 2244(d)(1)(A), and requires that a Petitioner exhaust all of his claims before filing a federal habeas petition. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). The state agrees that the petition is timely[4] and does not argue that Petitioner has failed to exhaust his state remedies. Therefore this Court will address the merits of the petition.

**III. Standard of Review**

The AEDPA comprehensively overhauled federal habeas corpus legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for

---

[1] Fed. Rec. Doc. 1, Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody, *Johnson v. Cain*, No. 05-1482.

[2] State Rec., Vol. 5 of 6, Trial Transcript at 327-328, *State v. Johnson*, No. 328425 & 328436 (Nov. 15-16, 1999).

[3] State Rec., Vol. 5 of 6, Transcript Motion for Reconsideration of Sentence at 2, *State v. Johnson*, No. 328425 & 328436 (Dec. 13, 1999).

[4] Fed. Rec. Doc. 9., Mem. in Supp. at 3, Answer, *Johnson v. Cain*, No. 05-1482.

questions of fact, questions of law, and mixed questions of law and fact.[5] Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1) and questions of fact are reviewed under § 2254(d)(2). *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The United States Supreme Court has noted the following:

> §2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams v. Taylor*, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002) (internal citations omitted).

As to questions of fact, factual findings are presumed to be correct, and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28

---

[5] 28 U.S.C. §2254(d) :
An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established  Federal law, as determined by the Supreme Court of the United States; or
  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

U.S.C. § 2254(d)(2); *see also Hill*, 210 F.3d at 485; 28 U.S.C. § 2254(e)(1).

## IV. Analysis

### Right to Self-Representation

Petitioner first argues that his rights were violated he was deprived of his right to represent himself.[6] At the hearing on Petitioner's state application for post-conviction relief, Petitioner testified that he did not want Ms. Diana Sanders, his trial counsel, to represent him, and that she represented him against his will.[7] At the same hearing, Ms. Sanders also testified that Mr. Johnson wished to represent himself and that the trial judge appointed her as standby counsel. However, she testified that as the trial progressed, Mr. Johnson, upon having difficulties defending himself, reluctantly allowed Ms. Sanders to represent him.[8]

The Court finds that this issue is properly characterized as a mixed question of law and fact, and must defer to the state court's decision unless it was contrary to clearly established Federal law. *Pratt v. Cain*, 142 F.3d 226 (5th Cir. 1998); *Crandell v. Bunnell*, 144 F.3d 1213 (9th Cir. 1998). A defendant has a constitutionally protected right to represent himself in a criminal trial. *Faretta v. California*, 422 U.S. 806 (1975). However, a request to proceed without representation must be clear and unequivocal. *Id*. at 810; *Matter of Hipp, Inc.*, 5 F.3d 109, 114 (5th Cir. 1993). In order to represent himself, a defendant must "knowingly and intelligently forgo the benefits associated with the right to counsel." *Id*. at 835. Due to the important and

---

[6] Fed. Rec. Doc. 1 at 5, Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody, *Johnson v. Cain*, No. 05-1482.

[7] State Rec., Vol. 3 of 6, Transcript at 34-36, *State v. Johnson*, No. 328425 & 328436 (Jul. 29, 2003).

[8] State Rec., Vol. 3 of 6, Transcript at 21-22, 24-25, *State v. Johnson*, No. 328425 & 328436 (Jul. 29, 2003).

well-recognized benefits associated with the right to counsel, the right attaches unless it is affirmatively waived. *Brown v. Wainwright*, 665 F.2d 607, 611 (5th Cir. 1982). "In the absence of a clear and knowing election, a court should not quickly infer that a defendant. . . has opted to conduct his own defense." *Id*. at 610. Instead, the courts must indulge "every reasonable presumption against waiver" of the right to counsel. *Brewer v. Williams*, 430 U.S. 387 (1976). Unlike the right to counsel, the right to self-representation can be waived by the defendant's mere failure to assert it. *Brown,* 665 F.2d at 610-611.

The record does not reflect that the Petitioner clearly and unequivocally requested to proceed without counsel. His argument focuses on the events of the morning of his trial, when he stated that Ms. Sanders was not his lawyer, and answered affirmatively when the trial judge asked him if he wished to discharge Ms. Sanders as his attorney.[9] Petitioner also stated that he wanted a lawyer, but not Ms. Sanders, and that if given a choice between Ms. Sanders and representing himself, he would choose to represent himself.[10] After questioning the defendant, the court allowed Mr. Johnson to represent himself, denied his request to appoint other counsel, and appointed Ms. Sanders as standby counsel.[11] Mr. Johnson, at that time, stated "[y]ou might as well let her do the whole thing."[12] Throughout the voir dire process, he attempted to leave the courtroom several times, stating that he did not want to be there, and did not want Ms. Sanders

---

[9] State Rec., Vol. 4 of 6, Trial Transcript at 7-8, *State v. Johnson*, No. 328425 & 328436 (Nov. 15-16, 1999).

[10] *Id*. at 13.

[11] Id. at 13, 17-18.

[12] Id. at 22-23.

representing him.[13] The trial court had to restrain Mr. Johnson and place two deputies next to him.[14] When he refused to introduce himself to the jury and conduct voir dire, the court relieved him of his role as counsel, and appointed Ms. Sanders as his counsel, who represented him for the rest of the proceedings.[15] Based on a review of the trial transcript, the Court can not find that the record supports the Petitioner's claim that he met the requirements of *Brown,* 665 F.2d at 610-611, by clearly and unequivocally declaring, and maintaining his desire to represent himself, rather than simply expressing his desire that an attorney other than his court-appointed counsel represent him.

Further, the Supreme Court has expressly disavowed the use of harmless error analysis in reviewing an alleged violation of the self-representation right recognized in *Faretta. See McKaskle v. Wiggins*, 465 U.S. 168, 177 n. 8 (1984) ("Since the right of self-representation is a right that when exercised usually increases the likelihood of a trial outcome unfavorable to the defendant, its denial is not amenable to 'harmless error' analysis."). The Supreme Court's inquiry in that case turned on whether the actions of standby counsel interfered with the defendant's "core *Faretta* right" to maintain actual control over the case he chose to present to the jury, focusing on whether the defendant was permitted "a fair chance to present his case in his own way." *Id.* at 177-178. The 17th Judicial District Court found that Mr. Johnson was given the opportunity to represent himself, with standby court counsel appointed, and that only when Mr. Johnson was "unable to competently perform [the jury voir dire] did the standby attorney

---

[13] Id. at 22-41.

[14] Id. at 25-27.

[15] Id. at 40-41.

take over the defense."[16] Mr. Johnson was permitted a fair chance to present his case in his own way, but declined to do so, instead engaging in disruptive behavior and attempting to leave the court room. Mr. Johnson told the court that it might as well let Ms. Sanders run the entire trial, and refused to participate in the jury voir dire. Under these circumstances, the Court finds no error in the state court denial of relief on this ground.

## Prejudice at Trial from Clothing

Petitioner also argues that he was unfairly prejudiced at trial because he was forced to wear prison garb.[17] The trial transcript reflects that the trial judge admonished Mr. Johnson, stating "the deputies have reported to me the following: (1) that you refused to get out of your prison garments and into street clothes. They had to fight you to get you up here."[18] At the hearing on Petitioner's state application for post-conviction relief, Petitioner testified that he wore his prison uniform against his will on the first day of the trial, and that, on the second day, he wore "street clothes" that his family brought him.[19] He also stated that before the first day of trial, he was given the option of wearing civilian clothing, but that he never saw the clothing, and refused to wear it because it did not belong to him.[20] At the same hearing, his trial counsel

---

[16] State Rec., Vol. 3 of 6, Reasons for Judgment and Judgment at 2, *State v. Johnson*, No. 328425 & 328436 (Oct. 6, 2003).

[17] Fed. Rec. Doc. 1 at 8, Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody, *Johnson v. Cain*, No. 05-1482.

[18] State Rec., Vol. 4 of 6, Trial Transcript at 5, *State v. Johnson*, No. 328425 & 328436 (Nov. 15-16, 1999).

[19] State Rec., Vol. 3 of 6, Post-Conviction Application Hearing Transcript at 40, *State v. Johnson*, No. 328425 & 328436 (Jul. 29, 2003).

[20] *Id.* at 41-42.

testified that she remembered he did not want to wear his prison uniform, but that he did not wear prison clothing throughout the entire trial.[21] She also testified that Mr. Johnson attempted to leave the courtroom twice at the beginning of the trial, and that the police finally had to handcuff him to the chair so that he would not leave.[22] Mr. Johnson stated that he attempted to leave the courtroom because he was upset at having to wear prison clothing and that he did not want Ms. Sanders to represent him.[23]

There is no per se rule that a defendant may not be tried in prison attire. However, a defendant cannot be compelled to wear prison clothes during his trial; wearing prison clothes in the presence of the jury might cause the jury to base its decision of a defendant's guilt on factors other than probative evidence. *Estelle v. Williams*, 425 U.S. 501 (1976). The 17th Judicial District Court found that Mr. Johnson was not forced to wear prison clothing, but instead, "refused to wear the 'street clothes' offered to [him]."[24] For that reason, the state court found that he could not claim relief on the basis that he was "forced" to wear prison clothing.

This Court must presume the state court's factual findings to be correct unless it was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Based on the evidence presented at the state court proceeding, and a review of the trial transcript, this Court cannot find that the state court's determination of the facts was unreasonable, and agrees that Mr. Johnson refused to wear the street clothes offered to

---

[21] Id. at 25-26.

[22] Id. at 26.

[23] Id. at 46.

[24] State Rec., Vol. 3 of 6, Reasons for Judgment and Judgment at 1, *State v. Johnson*, No. 328425 & 328436 (Oct. 6, 2003).

him. The Court further finds that his refusal to wear the clothing was unreasonable in light of the fact that he admitted he never even viewed the clothes he was offered. Mr. Johnson cannot now claim that he was prejudiced by his own decision to remain clothed in his prison uniform, and the Court must deny his claim.

## Ineffective Assistance of Counsel

Petitioner next argues that his trial counsel was ineffective for failing (1) to meet with him prior to trial, and (2) to move for a mistrial when the jury observed his altercation with officers.[25] In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel. A petitioner seeking relief must demonstrate that counsel's performance was deficient *and* that the deficient performance prejudiced his defense. *See Strickland*, 466 U.S. at 697.

To prevail on the deficiency prong, petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment. *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001), *cert. denied*, 534 U.S. 1163 (2002). "Counsel's performance is deficient if it falls below an objective standard of reasonableness." *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998). Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. *See Strickland*, 466 U.S. at 689. "[I]t is necessary to 'judge . . . counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (quoting *Strickland*, 466 U.S. at 690). Petitioner must overcome a strong presumption

---

[25] Fed. Rec. Doc. 1 at 13, Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody, *Johnson v. Cain*, No. 05-1482.

that the conduct of his counsel falls within a wide range of reasonable representation. *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

In order to prove prejudice with respect to trial counsel, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*. In making a determination as to whether prejudice occurred, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial." *Crockett*, 796 F.2d at 793.

Petitioner bears the burden of proof when asserting a claim for ineffective assistance of counsel. Petitioner "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1993); *see also Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000). If a court finds that petitioner has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the claim without addressing the other prong. *Strickland*, 466 U.S. at 697.

Failure to Meet Prior to Trial

Petitioner first argues that his counsel was ineffective when she failed to meet with him prior to trial. Mr. Johnson testified in his state post-conviction relief hearing that his trial counsel did not visit him at all before the trial started, and did not discuss any of the evidence with him

prior to or at the trial.[26] On cross-examination, however, Mr. Johnson admitted that Ms. Sanders, his trial counsel, appeared in court with him during his motion to suppress, his arraignment, and his pretrial conference, and that she made efforts to subpoena witnesses who could have testified in his defense.[27] Mr. Johnson also admitted that he did not complain about the quality of Ms. Sander's representation after the trial concluded.[28] His trial counsel also testified that she visited Mr. Johnson in jail, but that he refused to speak with her, stating that he did not want her to represent him.[29]

The state court denied Mr. Johnson's claim for ineffective assistance of counsel, finding that although there was conflicting testimony between Mr. Johnson and Ms. Sanders, Ms. Sanders was the more credible witness.[30] The state court accepted Ms. Sander's version of the facts, finding that Ms. Sander's representation was adequate, and pointing out inconsistencies in Mr. Johnson's testimony that led the court to believe he was not being truthful.[31] The court also found that if Ms. Sander's representation was lacking in anyway, the only factor that might have contributed to any deficiencies was that the defendant failed to assist Ms. Sanders with his own

---

[26] State Rec., Vol. 3 of 6, Post-Conviction Application Hearing Transcript at 30, 36-40, *State v. Johnson*, No. 328425 & 328436 (Jul. 29, 2003).

[27] Id. at 43-45.

[28] Id. at 44.

[29] *Id.* at 19-20.

[30] State Rec., Vol. 3 of 6, Reasons for Judgment and Judgment at 4, *State v. Johnson*, No. 328425 & 328436 (Oct. 6, 2003).

[31] *Id.*

defense.[32]

Given the evidence presented at the hearing, and the deference it must afford to the state court, this Court must accept the court's determination that Ms. Sanders, in fact, met with Mr. Johnson and investigated possible defenses prior to trial. This Court can not say that the state court denial was unreasonable or so clearly incorrect in its finding that Ms. Sanders rendered effective assistance of counsel that it would not be debatable among reasonable jurists. Instead, the Petitioner has failed to show both that (1) his attorney's representation was deficient with regard to the alleged failure to investigate or meet with him prior to trial, and (2), if her representation was deficient, a reasonable probability that the result of the trial would have been different if Ms. Sanders had met with him or investigated further. The record is replete with evidence putting Mr. Johnson at the scene of the crime, including the testimony of victims of the two robberies,[33] and that of Mr. Johnson's girlfriend, who testified that she saw Mr. Johnson with the property of the robbery victims.[34] In addition, the record reflects a vigorous defense presented by Mr. Johnson's court-appointed counsel, including rigorous cross-examination drawing out inconsistencies in witnesses' testimony, despite the lack of cooperation from Mr. Johnson at trial. The Petitioner's claim on this issue is without merit.

<u>Failure to Move for Mistrial</u>

Petitioner also argues that he was prejudiced by the jury viewing his repeated disputes

---

[32] *Id.*

[33] State Rec., Vol. 5 of 6, Trial Transcript at 178, 207, *State v. Johnson*, No. 328425 & 328436 (Nov. 15-16, 1999).

[34] State Rec., Vol. 5 of 6, Trial Transcript at 236, *State v. Johnson*, No. 328425 & 328436 (Nov. 15-16, 1999).

with the courtroom officers, and that his attorney was ineffective because she failed to move for a mistrial after the jury viewed the altercations. The record strongly reflects that Mr. Johnson instigated the altercations with the courtroom officers. He repeatedly attempted to leave the courtroom, and refused to behave appropriately, inciting the court to hold him in contempt.[35]

While this Court agrees that the jury's impression of Mr. Johnson was likely to be negatively impacted by watching him engage in disruptive behavior, this Court cannot find that Mr. Johnson was unduly prejudiced.[36] Mr. Johnson *chose* to quarrel with the judge and get into a physical altercation with the courtroom deputies. No one forced him to do so. To find prejudice in this situation would reward Mr. Johnson for engaging in disruptive behavior at trial, and would set a bad precedent which might encourage other defendants to engage in similar behavior. For these reasons, the Court cannot find that his counsel's conduct was ineffective in failing to move for a mistrial. Therefore, the Court must deny his petition on this ground.

**V. Conclusion**

---

[35] State Rec., Vol. 4 of 6, Trial Transcript at 21, *State v. Johnson*, No. 328425 & 328436 (Nov. 15-16, 1999).

[36] The Court finds a parallel in situations in which a defendant is secured by shackles or guards in front of a jury. For example, the United States Supreme Court acknowledged in *Holbrook v. Flynn* that the inherently prejudicial practice of leg shackling should be permitted only where justified by an essential state interest specific to the trial. 475 U.S. 560, 568-569 (1986). In such situations, the court's task in its supervisory capacity is not to determine whether it might have been possible for the state to have employed less conspicuous security measures in the courtroom. Instead, a federal court must look at the scene presented to jurors and determine whether what they saw was so inherently prejudicial as to pose an unacceptable threat to a defendant's right to a fair trial. If the challenged practice is not found inherently prejudicial and if the defendant fails to show actual prejudice, the inquiry is complete. Here, the Court finds that the defendant cannot show undue prejudice by the fact that he was secured to his chair and that there were two courtroom deputies next to him. Such measures were necessary to prevent Mr. Johnson from exiting the courtroom, and engaging in further disruptive behavior.

Having considered the complaint, the record, and the applicable law, it is determined that Petitioner has not established that his state conviction and sentence present grounds for the relief requested. Accordingly, IT IS ORDERED that the petition of FRED JOHNSON for writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED WITH PREJUDICE. Judgment will be entered accordingly.

New Orleans, Louisiana this 18th day of July, 2006.

HELEN G. BERRIGAN
U.S. DISTRICT JUDGE